## AFFIDAVIT

I, Lisa Rudnicki, having been duly sworn, on oath depose and state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), and have been so employed since February, 1996. In that capacity, I investigate violations of the federal firearms statutes and have participated in numerous investigations relating to the unlawful possession of firearms and ammunition.

2. Based on my training and experience, I am aware that Title 18, United States Code, Section 922(g)(1) makes it a federal offense for any individual who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition in or affecting interstate commerce. Having so stated, I make this affidavit in support of a complaint charging an individual named **BROSHAWN COAKLEY** with being a felon-in-possession of a firearm and ammunition in violation of that statute.

3. The statements contained in this affidavit are based on my own investigation, work done by other ATF agents, and on information provided to me by officers of the Boston Police Department ("BPD") and other sources. This affidavit is submitted for the limited purpose of establishing probable cause to believe **COAKLEY** violated 18 U.S.C. §922(g)(1). It therefore

does not set forth all of the information that I and other law enforcement personnel have obtained during the course of this investigation.

4. On September 25, 2009, members of BPD's District C-11 Drug Control Unit ("DCU") obtained from the Boston Municipal Court a search warrant for the premises located at 73 Gibson Street, Apt. #1 in Dorchester, Massachusetts ("the Target Premises"). That warrant was based on a drug investigation in which a series of controlled purchases of crack cocaine had been made out of the Target Premises from an individual named "Jazz," but who was later identified as NASHAWN NORMAN. The warrant authorized the search of the Target Premises for drugs as well as any "articles, electronic devices, instruments or paraphernalia used in the cutting, weighing, packaging or distribution of the controlled substance." A copy of the warrant and the return for it is attached to this affidavit as Exhibit 1.

5. The warrant was executed on approximately 4:50 P.M. on September 28, 2009 when officers made a peaceful entry into the Target Premises after they stopped NORMAN and another individual outside of the Target Premises, advised NORMAN of the existence of the warrant, and obtained a key from NORMAN to the Target Premises. When officers entered the Target Premises, they noted the smell of freshly burning marijuana and followed the smell into the front bedroom where they found **BROSHAWN COAKLEY**.

**BROSHAWN COAKLEY** shall hereinafter be referred to as "**BROSHAWN**"; the front bedroom in which **BROSHAWN** was found shall hereinafter referred to as "Bedroom 1."

6. Officers entering the Target Premises also found several other individuals inside to include LINDA COAKLEY, HENRY COAKLEY SHONA COAKLEY, and TERRY BURNS. All of these individuals (including **BROSHAWN**) were taken into the living room, advised of the existence of the search warrant, and administered Miranda warnings.

7. Officers then searched the Target Premises. In Bedroom 1 (where they had just located **BROSHAWN**), officers found a .38 caliber Smith & Wesson 5 shot revolver bearing serial number R236176 and containing 5 rounds of .38 caliber ammunition in an Adidas shoe box. In a separate adjacent shoe box, officers found 2 additional loose rounds of .38 caliber ammunition. A Massachusetts ID card bearing **BROSHAWN'S** name and picture were also found in Bedroom 1.[1]

8. After discovery of the firearm and ammunition in Bedroom 1, **BROSHAWN** was placed under arrest and Mirandized for a second time. In post-Mirandized statements, he admitted that the gun found in Bedroom 1 was his.

---

[1] Various drugs, drug paraphernalia and other items were also seized from other areas of the Target Premises, all as indicated in the Return included in attached Exhibit 1.

3

9. The firearm and ammunition seized from Bedroom 1 were thereafter inspected by the Boston Police Department Ballistics Unit. The firearm was successfully test fired and the items recovered from the firearm and the second shoe box was determined to be ammunition.

10. After the ammunition was recovered, it was examined by ATF Special Agent Mattheu Kelch. S/A Kelch confirmed that the 7 recovered rounds are ammunition and that all of the rounds were manufactured outside Massachusetts, meaning that the ammunition necessarily traveled across a state line or international boundary before being recovered in Dorchester, Massachusetts on September 28, 2008.

11. I have performed a trace on the firearm recovered from the Target Premises on September 28, 2009 (hereinafter, "the Subject Firearm"). It has disclosed that the Subject Firearm was manufactured by Smith and Wesson in Springfield, Massachusetts and shipped to the Bangor, Maine Police Department on or about July 11, 1979. The Subject Gun was thereafter taken out of service by the Bangor Police Department and re-sold. The gun was thereafter reported stolen by a resident of Maine who purchased the gun from a Federal Firearms Licensee dealer in Poland Springs, Maine on or about January 7, 1989. Based on the foregoing, I believe that the Subject Firearm necessarily traveled across a state line or international boundary before

4

being recovered in Dorchester, Massachusetts on September 28, 2008.

12. I have reviewed **BROSHAWN**'s criminal record as maintained by the Massachusetts Criminal History Systems Board. It confirms, among other things, that **BROSHAWN** was convicted in Dorchester District Court in February, 2007 of Resisting Arrest in violation of M.G.L. chapter 268, §32B  This is a crime punishable by a term of imprisonment exceeding one year under Massachusetts law.

13. Based on the foregoing, I submit that there is probable cause to believe that, on or about September 28, 2009, **BROSHAWN COAKLEY**, having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did posses, in and affecting commerce, ammunition in violation of Title 18, United States Code, Section 922(g)(1).

LISA RUDNICKI
Special Agent, ATF

Sworn and subscribed to before me this ____ day of December, 2009.

LEO T. SOROKIN
U.S. MAGISTRATE JUDGE